All right, thank you, your honors. May it please the court, my name is Paul Warren on behalf of Virginia Bakker, and I would like to reserve two minutes for a rebuttal. Okay. Now, the issue in this case is that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of the state agency medical psychologists, the DDS doctors. Now, the DDS doctors indicated in their opinion that Ms. Bakker would be limited to understanding and carrying out simple one to two step tasks and would have difficulty with detailed tasks. Now, the judge did give this opinion moderate weight, but only found that the only reason offered for why it would be rejected at all is that appellant's impairments had slightly worsened in later records, and that this was accounted for in the RFC. The ALJ then in the residual functional capacity, the RFC included a limitation to understanding and remembering and carrying out tasks of occupations that have an SBP of one or two, while offering no reason whatsoever for why it was changed from a one to two step task limit to a limitation to SBP one or two jobs. So there are several parts of this. First, obviously there was no explanation given for why the limitations changed. Now, why this matters is the Ninth Circuit has determined already in the case of Brown's that a limitation to one to two step tasks is in essence a limitation to reasoning level one jobs as the GED reasoning levels in the DOT explain. Now, the SBP is the specific vocational preparation that's how long it takes to actually learn a job. There's actually no real correlation between those two types of limitations. And in fact, if you look at the SBP one or two jobs, you'll see reasoning level one, two and three jobs can pop up in there with no issue whatsoever. So here, basically what it comes down to is the only reason offered by the judge for rejecting a one to two step limit is the fact that the claiming got worse. So then the question becomes how then does the judge find a lesser limit after finding the claiming got worse? Here's my question for you as you try to put this case side by side with Brown's. We do have the opinions of Dr. Kessler and Dr. Dennis who are essentially identical and the ALJ gives them quote moderate weight and she describes them as their assessments as she's able to understand carry out simple one to step tasks. She can occasionally perform detailed complex tasks but not on a consistent basis. Well, and she does of course, just as you said, say that it's gotten worse. How much worse we don't know she says slightly worsened. Well, I'm not sure that that testimony says she can only do two step tasks. One to step tasks that would keep her in number one, in category one and giving only moderate weight suggests that the ALJ may not be internally consistent because she doesn't quite specify, but she might say, you know, moderate weight means I'm gonna look at some of the other evidence. And if I look at some of the other evidence, it may persuade me that she's capable of doing some things that are more complex than the two step tasks that are described here. So how do I get around that way of looking at it and say, I'm not sure this is flatly and consistent with rounds? Well, what actually comes down to is the judge misinterpreted what the doctors actually found. Now, if you look at the doctor's opinions, the doctors found two separate things regarding the first limitation offered was regarding understanding and remembering, which is one of the paragraph B findings. The second one was regarding the appellant's ability to concentrate, persist and keep pace with working. Now, with regards to concentrating, persisting and pace, you're correct that, and the judge is correct that the doctors did say that the client could carry out simple one to two step tasks on a consistent basis and can do occasional detailed and complex tasks, but not on a consistent basis. So you're right in that sense, but with regards to her ability to understand and remember, they specifically say that she's able to understand and carry out simple one to two step tasks, but has difficulty with detailed tasks. Now, social security themselves shows or basically suggests that these are two very separate categories that cannot be necessarily resolved together. Basically, you have to be able to both concentrate and persist as well as understand and remember. And just because you're able to do one does not necessarily mean that you're able to do another. And the judge, when the judge discussed the opinion, you're correct, the judge only discussed the one and didn't even raise the fact that there was a distinction there. Well, the RFC did, I mean, not quite in the terms that you're talking about, but it did mention some of these limitations in that it said that she should have an environment where she only has to make simple workload related decisions and that there would be few changes in the environment. And so I think the question that that prompts for me is the ALJ has the task of translating what the doctors have said into an RFC. And the doctors are using different language than the language of vocational experts. So isn't there necessarily some flexibility in that translation? And why should we think that this is so far off as to be an abuse of the discretion that the ALJ has in formulating the RFC? I think it comes down to the specific language used. If you look at the GED definitions themselves, the reasoning level within the DOT, a level one reasoning is the language itself is apply common sense understanding to simple one or two step instructions. So a limitation to only being capable of performing one, two step tasks. And keep in mind, if you look at reasoning level two, reasoning level two is applying common sense understanding to carrying out detailed but uninvolved written or oral instructions. So for the state agency to then say that someone is limited to one to two step tasks, but would be incapable of detailed tasks, that would appear to be almost a direct correlation to what you find in the DOT definitions. So at this point, it's, and as noted the SBP itself, while that was another one of the limitations that the judge offered, that doesn't correlate whatsoever with the reasoning level limitations whatsoever.   but why should we think that this is so far off in the government and then you want to save some time? Yes. May it please the court, Catherine Watson for the acting commissioner. So Bacher's case essentially rests on the premise that the state agency consultants limited her only to one to two step tasks and found her incapable of performing detailed tasks. And that is not what the state agency consultants found when you look at the context of the opinion as a whole. So first of all, the state agency consultants opines that she would have no, they checked off boxes indicating she would have no significant limitations, understanding, remembering and carrying out very short and simple instructions. They also checked off boxes indicating that she would only have moderate limitations, understanding, remembering, carrying out detailed instructions. They did not indicate that she would have marked limitations carrying out detailed instructions. And they did not indicate that she would have extreme limitations carrying out detailed instructions, which would suggest that she was incapable of performing detailed instructions, but that's not what they indicated. In terms of understanding and memory in the narrative portion, they indicated that she would have, she would be able to understand, remember and carry out simple one to two step tasks on the one hand, but would have difficulty with detailed tasks on the other. There's some indication that was moderate difficulty. And then with regard to sustaining concentration, persistence and pace, they indicated quite similarly, that she was able to understand carry out simple one to two step tasks on a consistent basis on the one hand, and that she could perform occasionally or up to one third of the workday detailed and even complex tasks. Now counsel's argument also rests on the premise that understanding and concentrating are completely distinct concepts. And while they are separate concepts, they're also overlapping concepts, meaning generally in order to persist at a task, one generally needs to understand what the task is. Now, if there's any doubt about that, one can turn to the social security regulations themselves, which defines concentration, persisting and maintaining pace. This is in the listings. And they've defined it as the ability to focus attention on work activities and to stay on task at a sustained rate. But the first example that they indicate is initiating and performing a task that you understand and know how to do. So the ALJ is looking at the opinion as a whole, and it's the ALJ's purview as Judge Miller indicated, to translate that opinion into an RFC and find jobs consistent with that opinion that the claimant can perform. The ALJ here found that Bakker could perform three jobs, all of which require a level two reasoning, which courts are found are consistent with simple work. Now, again, to the extent the opinion is ambiguous, it's the ALJ's purview to resolve that ambiguity. And here we have some ambiguity because we don't have an opinion that clearly limits Bakker to only one to two-step tasks. If there's any question, you look at the opinion as a whole. And one aspect of their findings, the state agency consultant's finding, is that she could perform three jobs. And one of those jobs, a scale operator, also had a level two reasoning, which again suggests that the state agency consultants believed that she could perform not just one to two-step work, but also simple work that may be more than one and two steps, which is what level two reasoning is, but generally uninvolved or simple. So the opinions as a whole suggest that she can perform jobs that are consistent with level two reasoning or simple work. And while there might be some ambiguity in the opinions, it's the ALJ's purview to resolve that ambiguity. So because the ALJ found that Bakker could perform jobs with level two reasoning or simple work, those jobs are consistent with these opinions. I'd also like to note that there's a distinction between how the regulations employ the term simple and detail and how the DOT employs those terms. So as you see in the questions laid out to the state agency consultants, we have simple work on the one hand and then detailed or complex work on the other, right? So the state agency and consultants opined on the one hand and they checked off boxes when they were asked questions indicating she would have no significant problems performing very simple work on the one hand, but would have moderate difficulties performing detailed work on the other. The Dictionary of Occupational Titles employs a much more graduated approach. So we have very short and simple tasks at level one, one to two-step tasks, but it goes all the way up to level six. So there is a case, Maisel v. Barnhart, it's a case from the Central District of California, which discusses these distinctions and discusses the distinctions between the two categories the regulations employ and then the more graduated approach that the DOT employs. And indicates that simply because to equate the use of detailed in the social security regulation with the use of the words detailed in the DOT would essentially bar any jobs with a level two reasoning of more. And again, courts have found that level two reasoning is consistent with simple work, detailed but uninvolved instructions. So it's our contention that because the ALJ found that the BOCR could perform three jobs, all of which were level two reasoning, similarly to what the state agency consultant found, they found that she could perform one job with a level two reasoning, that the ALJ's finding or ultimate decision was consistent with these opinions. And therefore, BOCR has not identified a basis for reversal. At this point, I'd be happy to answer questions, but if not, I would simply ask this court to affirm. Okay, any questions from the bench for Ms. Watson? Mr. Warren, back to you. Let's put some time on the, how much did he save? I believe it was two minutes. You have about three minutes, yeah. Mr. Warren, back to you, whatever you need to say. Okay, well, going back to what was discussed before, while yes, it is true that there might be some overlap, Social Security, between understanding and remembering and concentration, persistence, and pace, Social Security regulations themselves, if you look at the listings, they specifically explain that you must be able to understand and remember and apply information required by a task. Similarly, you must be able to concentrate and persist and maintain pace to complete a task. Basically, these are distinct separate issues. And while, yes, the state agency did offer separate limits for each one, or did discuss both and give limits, they were separate and distinct and not necessarily overlapping. And beyond that, that actually supports the idea, the fact that they gave a separate distinct limitation for concentration, persistence, and pace, when compared to understanding and remembering shows that they did not intend for them to be the same limitation. Otherwise, they would have just put the same thing for both and moved on. Now, with regards to the fact that the state agency doctors did find reasoning level two jobs, here, what matters is the vocational expert only offered level two jobs, but the vocational expert, by the time it got to hearing, was never offered a one to two step limitation or anything to reasoning level one. And while there might be, while the state agency doctors did, the state agency doctors are not vocational experts. So that is, yeah, and that's the end. Okay, any further questions or comments for Mr. Warren? Okay, thank both of you for your helpful arguments. Bakker, I'm now pronouncing it correctly, Bakker, the case is now submitted for decision. Thank both of you.
judges: FLETCHER, MILLER, Korman